IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMAL BRAITHWAITE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FAMILY DOLLAR STORES OF )<br>TEXAS, LLC and ZIEBEN )<br>FOUNDATION PROPERTIES, LTD., )<br>)<br>Defendants. ) | CIVIL ACTION<br><br>FILE No.  4:18-cv-00193 |

## COMPLAINT

COMES NOW, JAMAL BRAITHWAITE, by and through the undersigned counsel, and files this, his Complaint against Defendants FAMILY DOLLAR STORES OF TEXAS, LLC and ZIEBEN FOUNDATION PROPERTIES, LTD., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff Jamal Braithwaite (hereinafter "Plaintiff") is, and has been at all

1

times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Defendant Family Dollar Stores of Texas, LLC (hereinafter "FDS") is a Virginia limited liability company that transacts business in the state of Texas and within this judicial district.

7. FDS may be properly served with process via its registered agent for service, to wit: Corporation Service Company, d/b/a CSC-Lawyers Incorporated, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8. Defendant Zieben Foundation Properties, Ltd. (hereinafter "ZFP") is a Texas limited company that transacts business in the state of Texas and within this judicial district.

9. ZFP may be properly served with process via its registered agent for service, to wit: Alan Zieben, 9069 Briar Forest Drive, Houston, Texas 77024.

### FACTUAL ALLEGATIONS

10. On or about October 16, 2017, Plaintiff was a customer at "Subway," a business located at 5627 Aldine Bender Rd., Suite 5, Houston, Texas 77032.

11. The structure within which Subway operates its business is referenced

herein as the "5627 Facility."

12.   Subway is a lessee or sub-lessee of the real property and improvements located at 5627 Aldine Bender Road, Houston, Texas 77032, also referenced herein as the "5627 Property."

13.   Also on or about October 16, 2017, Plaintiff was a customer at "Family Dollar," a business located at 5625 Aldine Bender Road, Houston, Texas 77032 and that is operated by FDS.

14.   The structure within which FDS operates its business is referenced herein as the "5625 Facility." (Together, the 5627 Facility and the 5625 Facility shall be collectively referenced as the "Facilities.")

15.   FDS is a lessee or sub-lessee of the real property and improvements located at 5625 Aldine Bender Road, Houston, Texas 77032, also referenced herein as the "5625 Property." (Together, the 5627 Property and the 5625 Property shall be collectively referenced as the "Properties.")

16.   ZFP is the owner or co-owner of the Properties.

17.   Plaintiff lives in the near vicinity of the Facilities and Properties.

18.   Plaintiff's access to the business(es) located at 5627 Aldine Bender Rd., Suite 5, Houston, Texas  77032, Harris County Property Appraiser's parcel/identification number 1318530010001 ("5627 the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the

physical barriers to access and correct the ADA violations that exist at the 5627 Facility and 5627 Property, including those set forth in this Complaint.

19. Plaintiff's access to the business(es) located at 5625 Aldine Bender Road, Houston, Texas 77032, Harris County Property Appraiser's account number 0451220000194 ("the 5625 Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the 5625 Facility and 5625 Property, including those set forth in this Complaint.

20. Plaintiff has visited the Facilities at least once before and intends on revisiting the Facilities once they are made accessible to purchase goods and/or services.

21. Plaintiff travelled to the Facilities and Properties as a customer, encountered barriers to his access of the Facilities and Properties as detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer harm and injury as a result of those barriers to access.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

22. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

23. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a

4

whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

24. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in

        order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

25. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

26. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

27. The Facilities are each a public accommodation and service establishment.

28. The Properties are each a public accommodation and service establishment.

29. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

30. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

31. The Facilities must each be, but each is not, in compliance with the ADA and ADAAG.

32. The Properties must each be, but each is not, in compliance with the ADA and ADAAG.

33. ZFP has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities,

privileges, advantages and/or accommodations of the 5627 Facility and 5627 Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34. ZFP will continue to discriminate against Plaintiff and others with disabilities unless and until ZFP is compelled to remove all physical barriers that exist at the 5627 Facility and 5627 Property, including those specifically set forth herein, and make the 5627 Facility and 5627 Property accessible to and usable by Plaintiff and other persons with disabilities.

35. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the 5625 Facility and 5625 Property, including those specifically set forth herein, and make the 5625 Facility and 5625 Property accessible to and fully usable by Plaintiff and other persons with disabilities.

36. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the 5627 Facility and 5627 Property, and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the 5627 Facility and 5627 Property include, but are not limited to:

(a) **ACCESSIBLE ELEMENTS:**

(i) There is at least one accessible parking space on the 5627 Property that does not have a properly marked access aisle adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards.

(ii) The 5627 Property lacks an accessible route from the accessible parking spaces to the accessible entrance(s) of the 5627 Facility, in violation of section 206.2.1 of the 2010 ADAAG standards.

(iii) The access aisle adjacent to the accessible parking space on the 5627 Property most proximate to Unit 2 is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(iv) The 5627 Property has a ramp leading from the accessible parking space most proximate to Unit 2 to the accessible entrances of the 5627 Facility with a slope exceeding 1:10 (one to ten), in violation of section 405.2 of the 2010 ADAAG standards.

(v) The side flares of the accessible ramp on the 5627 Property most proximate to Unit 2 also have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(vi) There is a doorway threshold on the 5627 Property at the entrance to the Subway portion of the 5627 Facility with a vertical rise in excess of ½ (one half) inch that is not ramped or beveled, in violation of sections 302, 303 and 404.2.5 of the 2010 ADAAG standards.

(vii) There is an accessible parking space on the 5627 Property most proximate to "Uptown Beauty Supply" that does not have a properly marked access aisle adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards.

**(b) RESTROOMS:**

(i) The "Subway" portion of the 5627 Facility lacks restroom signage, in violation of sections 216.8 and 703 of the 2010 ADAAG standards.

(ii) The restroom doors in the "Subway" portion of the 5627 Facility require an opening force in excess of 5 lbs (five pounds), in violation of section 309.4 of the 2010 ADAAG standards.

37. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the 5625 Facility and 5625 Property, and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the 5625 Facility and 5625 Property include, but are not limited to:

**(a) ACCESSIBLE ELEMENTS:**

(i) There is at least one accessible parking space on the 5627 Property that does not have a properly marked access aisle adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards.

(ii) The total number of accessible parking spaces on the 5625 Property is inadequate, in violation of section 208.2 of the 2010 ADAAG standards.

(iii) The access aisle adjacent to the accessible parking space on the 5625 Property is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the

2010 ADAAG standards.

(iv) The accessible parking space on the 5625 Property is not level due to the presence of ramp side flares within the boundaries of said accessible parking space, in violation of section 502.4 of the 2010 ADAAG standards.

(v) Due to an apparent policy of storing dollies and inventory within the exterior accessible route, there are publicly accessible areas of the 5625 Property most having accessible routes with clear widths below the minimum 36 (thirty-six) inches required by section 403.5.1 of the 2010 ADAAG standards.

(vi) The accessible entrance to the 5625 Facility has a doorway that lacks 32 (thirty-two) inches of clearance, in violation of section 404.2.3 of the 2010 ADAAG standards.

(vii) Due to an apparent policy of placing inventory within the shopping aisles, the interior of the 5625 Facility has walking surfaces lacking 36 (thirty-six) inches of clear width, in violation of section 403.5.1 of the 2010 ADAAG standards.

(b) **RESTROOMS:**

(i) The door of the restroom entrance of the 5625 Facility lacks a permissible minimum maneuvering clearance, due to the proximity of an adjacent water fountain and other obstacles, in violation of section 404.2.4 of the 2010 ADAAG standards.  This made it

difficult for Plaintiff to safely utilize the restroom facilities.

(ii) The hand operated flush controls on the commodes in the accessible toilet stalls in the restrooms of the 5625 Facility are not located on the open side of each such accessible stall, in violation of section 604.6 of the 2010 ADAAG standards.

(iii) The mirrors in the restrooms in the 5625 Facility exceed the maximum height permitted by section 603.3 of the 2010 ADAAG standards.

(iv) Due to an apparent policy of storing cleaning supplies and other items in the restrooms, there is inadequate clear width, and clear floor space before the commodes and sinks therein, in violation of sections 403.5.1 606.2, 603.2 and 604.3 of the 2010 ADAAG standards, and

(v) Due to a policy of storing cleaning supplies and other items in the restrooms, the restrooms in the Facility has walking surfaces lacking a 36 (thirty-six) inch clear width, in violation of section 403.5.1 of the 2010 ADAAG standards.

38. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facilities and Properties.

39. Plaintiff requires an inspection of Facilities and Properties in order to determine all of the discriminatory conditions present at the Facilities and Properties in

11

violation of the ADA.

40. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

41. All of the violations alleged herein are readily achievable to modify to bring the Facilities and Properties into compliance with the ADA.

42. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Properties is readily achievable because the nature and cost of the modifications are relatively low.

43. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the 5627 Facility and 5627 Property is readily achievable because ZFP has the financial resources to make the necessary modifications.

44. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the 5625 Facility and 5625 Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

45. Upon information and good faith belief, the Facilities and Properties have each been altered since 2010.

46. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

47. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until ZFP is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the 5627 Facility and 5627 Property, including those alleged herein.

48. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the 5625 Facility and 5625 Property, including those alleged herein.

49. Plaintiff's requested relief serves the public interest.

50. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

51. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

52. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing ZFP to modify the 5627 Facility and 5627 Property, and directing Defendants to modify the 5625 Facility and 5625 Property, to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find FDS in violation of the ADA and ADAAG;

(b) That the Court find ZFP in violation of the ADA and ADAAG;

(c)    That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d)    That the Court issue an Order requiring ZFP to (i) remove the physical barriers to access and (ii) alter the 5627 Facility and 5627 Property to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)    That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the 5625 Facility and 5625 Property to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(f)    That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(g)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: January 23, 2018.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 2582051
Ehrlich & Schapiro, LLC
1123 Zonolite Road, N.E., Suite 8-B
Atlanta, Georgia 30306
Tel: (800) 238-3857, Ext. 301
Fax: (855) 415-2480
craig@ehrlichlawoffice.com